Judgment of conviction reversed in one case and judgment in remaining case affirmed.

**Clarence Victor KULHANEK, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 59021, 59022.**

Court of Criminal Appeals of Texas, Panel No. 3.

Oct. 10, 1979.

---

Barry J. O'Keefe, Houston, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann and Veronica E. Morgan, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and DALLY, JJ.

## OPINION

ROBERTS, Judge.

These are appeals from orders revoking probation in two causes, No. 252739[1] and No. 255801.[2] On April 25, 1977, appellant was granted two ten-year probationary terms after pleading guilty to the offenses of forgery (No. 252739) and unauthorized use of a motor vehicle (No. 255801). On September 27, 1977, the State filed motions to revoke appellant's probations in the respective causes, alleging, among other things, that appellant committed the offense of theft in violation of condition (a) of each probation, namely, that he commit no offense against the laws of this or any other state.

■ Appellant urges that the court abused its discretion by revoking his probations on insufficient evidence that he actually violated the terms and conditions thereof, as alleged. Finding no abuse of discretion, we affirm the court's judgment revoking appellant's probation in Cause No. 255801 (Unauthorized Use of a Motor Vehicle); however, with respect to Cause No. 252739 (Forgery) we find the indictment fundamentally defective which requires re-

versal in the interest of justice.[3] Article 40.09(13), Vernon's Ann.C.C.P.

As previously stated, on April 25, 1977, appellant, in Cause No. 252739, was convicted for the offense of forgery. The indictment in that case, omitting the formal portions, alleged that appellant

" . . . did then and there unlawfully with intent to defraud and harm, intentionally and knowingly forge, by passing to Janet Goodson, a writing as follows: [Here the check is set out verbatim.] The defendant then and there knowing the writing was forged."

The validity of an indictment such as the one in the present case, was recently considered by this Court in *Minix v. State*, 579 S.W.2d 466, 467, delivered January 24, 1979 (State's Motion for Rehearing overruled with written opinion, delivered April 25, 1979). In *Minix*, supra, it was stated:

"It is a well settled rule that when the check is set out *haec verba* in the indictment, the State is not required to allege that the forged instrument purports to be the act of another, so long as the name of the maker is different than the name of the defendant. [Citing cases.] However, V.T.C.A.Penal Code, Sec. 32.21(a)(1)(A)(i) requires additionally that the instrument must purport to be the act of another 'who did not authorize that act.' *Young v. State*, 529 S.W.2d 542 (Tex.Cr.App. 1975). In that respect the present forgery statute did not change its predecessor which included 'without lawful authority' as 'an essential element of the crime of forgery.' *Smith v. State*, 162 Tex.Cr.R. 132, 282 S.W.2d 876 (1955)."

■ We find that the present indictment suffers from the same infirmity which rendered the *Minix* indictment fundamentally defective in that the present indictment fails to allege that the instrument in question purports to be the act of another *who did not authorize the act*. See also *Payne v.*

---

1. Our Cause No. 59,021.

2. Our Cause No. 59,022.

3. This Court is required to review fundamentally defective indictments as an unassigned error in the interest of justice. *Chance v. State*, 563 S.W.2d 812 (Tex.Cr.App.1978); *Seaton v. State*, 564 S.W.2d 721 (Tex.Cr.App.1978).

*State,* 567 S.W.2d 4 (Tex.Cr.App.1978). Therefore, appellant's conviction in Cause No. 252739 is reversed and the prosecution under this invalid indictment is ordered dismissed.

With respect to appellant's contention that the court abused its discretion in revoking probation in Cause No. 255801, we note that the State, at the probation revocation hearing, introduced sufficient evidence to support the following findings: Two separate checks, one dated July 29, 1977 (in the amount of $680.00) and the other dated August 3, 1977 (in the amount of $900.00), each payable to the order of the appellant were deposited into appellant's savings account at the Northshore Bank in Houston; the purported drawer of these checks testified that she never issued the checks personally, nor authorized anyone else to do so in her behalf; a "questioned documents expert," duly qualified as such, confirmed that it was appellant's signatures which appeared on two withdrawal slips, one dated August 3, 1977, requesting withdrawal of $660, and the other dated August 8, 1977, requesting the withdrawal of $900; the Northshore Bank honored both withdrawal requests; and, the two checks previously credited to appellant's savings account were returned to the Northshore Bank unpaid.

In a probation revocation hearing, the State satisfies its burden of proof when the greater weight of the credible evidence before the court creates a reasonable belief that a condition of probation has been violated as alleged. *Scamardo v. State,* 517 S.W.2d 293, 297 (Tex.Cr.App.1974). In such a hearing, the trial court is the sole trier of the facts, the credibility of the witnesses and the weight to be given to the testimony. *Grant v. State,* 566 S.W.2d 954, 956 (Tex.Cr.App.1978). After considering all the evidence, the court may, in its sound discretion, revoke probation if the State has proved every element of the offense by a preponderance of the evidence. *Grant v. State,* supra at 956.

In the present case, the court relied on expert testimony to the effect that appellant's signature appeared on the withdrawal requests which were honored by the complainant bank. Moreover, under Article 38.27, Vernon's Ann.C.C.P., the court was entitled to make a comparison of appellant's handwriting from the exhibits introduced in assessing appellant's guilt by a preponderance of the evidence. *Herndon v. State,* 543 S.W.2d 109 (Tex.Cr.App.1976). We conclude that, when viewed in the light most favorable to the court's finding, the evidence in the present case sufficiently supports the court's order revoking appellant's probation; accordingly, appellant's contention is overruled.

The judgment of conviction in Cause No. 252739 is reversed and the prosecution ordered dismissed; the judgment in Cause No. 255801 is affirmed.