Jack Brown v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-050-CR
No. 10-97-051-CR

     JACK BROWN,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 
 
From the 204th District Court
Dallas County, Texas
Trial Court Nos. F95-73635-PQ & F95-44853-Q
                                                                                                                 

O P I N I O N
                                                                                                                 

      Cause No. 10-97-050-CR is an appeal by Appellant Brown from his conviction for aggravated
assault with a deadly weapon for which he was sentenced to 10 years in the Texas Department of
Criminal Justice-Institutional Division.
      Cause No. 10-97-051-CR is an appeal by Appellant Brown from an order revoking his
probation in a prior conviction for possession of heroin, after which he was sentenced to 10 years
in the Texas Department of Criminal Justice-Institutional Division.
      The two cases were tried together, there is one statement of facts and the briefs in the two cases
are almost identical.
      In Cause No. 10-97-050-CR Appellant pled guilty to aggravated assault with a deadly weapon
in January 1995, and was placed on deferred adjudication for 10 years.
      In Cause No. 10-97-051-CR Appellant pled guilty to possession of heroin with intent to deliver
in January 1996, was found guilty, and was placed on probation for 10 years.
      In July 1996, the State filed a motion to adjudicate guilt in Cause No. 10-97-050-CR, and
motions to revoke probation in both cases, alleging Appellant had committed the offense of delivery
of heroin on May 18, 1996. After a hearing, the trial court found that the State's allegations were
true, revoked probation in both cases, and sentenced Appellant to 10 years in TDCJ-ID in each
case.
      Appellant appeals in both cases contending that the evidence in the two revocation hearings was
insufficient to establish that he had delivered heroin in May 1996.
      In a probation revocation hearing the State's burden of proof is by a preponderance of the
evidence. Kulhanek v. State, 587 S.W.2d 424, 426 (Tex. Crim. App. 1979).
      The trial judge is the sole trier of facts, the sole judge of the credibility of the witnesses and
the weight to be given their testimony. Battle v. State, 571 S.W.2d 20, 21 (Tex. Crim. App.
1978).
      The findings, conclusions and orders of the trial judge should not be reversed unless a clear
abuse of discretion is shown. Flournoy v. State, 589 S.W.2d 705, 708 (Tex. Crim. App. 1979).
      An appellate court will determine whether a lower court abused its discretion by examining the
evidence in the light most favorable to the trial court's order. Cordona v. State, 665 S.W.2d 492,
493-94 (Tex. Crim. App. 1984).
      The evidence reflects that on May 18, 1996, Officer Thigpen drove to the 1900 block of Caddo
in Dallas to make arrests for narcotic trafficking. Thigpen saw Appellant pull up in front of an
apartment building where he was standing. Thigpen told Appellant he wanted two capsules of
heroin. Appellant said "O.K., come with me," and led Thigpen to a man named Henry Knight. 
Appellant pointed to Knight and said "he can take care of you." Thigpen told Knight he wanted
two capsules of heroin; Knight gave Thigpen the heroin; and Thigpen gave Knight $20. Appellant
stood next to the two while the exchange occurred. Thigpen put the heroin in his pocket and left. 
Appellant was arrested shortly thereafter.
      The evidence above proves that Appellant was guilty as a party to the actual delivery of heroin.
      Under the authorities cited, we find that the evidence is sufficient to establish that Appellant
violated the terms of his probation in both cases.
      Additionally, in Cause No. 97-050-CR Appellant was on deferred adjudication probation and
no appeal can be taken from a hearing in which the trial court determines to proceed with an
adjudication of guilt on the original charge, as was the case here. Olowosuko v. State, 826 S.W.2d
940 (Tex. Crim. App. 1992).
      Appellant's point is overruled in both cases.
      The judgment of the trial court is affirmed in both cases.
                                                                               FRANK G. McDONALD
                                                                               Chief Justice
Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed October 15, 1997
Do not publish