Sharica Phillips v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-356-CR

     SHARICA PHILLIPS,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the County Criminal Court No. 1
Denton County, Texas
Trial Court # CR-96-03009-D
                                                                                                                

O P I N I O N
                                                                                                                

      Appellant Phillips appeals from a judgment of the trial court revoking her probation and
sentencing her to 180 days in the county jail.
      On June 3, 1996, Appellant pled nolo contendere before the court to theft, over $50 but under
$500. Pursuant to a plea bargain she was found guilty and sentenced to 180 days in the county
jail, probated, and fined $300.
      The State filed a motion to revoke Appellant's probation on May 13, 1997, alleging violation
of Conditions of Probation B, D, and E. The trial judge found Appellant had violated the
Conditions of Probation B, D, and E, revoked her probation, and sentenced her to 180 days in the
county jail.
      Appellant appeals on one point of error: "The trial court abused its discretion in revoking
Appellant's probation in that there was insufficient proof of violation of probation."
      In a probation revocation hearing, the State's burden of proof is by a preponderance of the
evidence. Kulhanck v. State, 587 S.W.2d 424, 426 (Tex. Crim. App. 1979).
      The trial judge is the sole trier of facts, the sole judge of the credibility of the witnesses, and
the weight to be given their testimony. Battle v. State, 571 S.W.2d 20, 21 (Tex. Crim. App.
1978).
      The findings of fact, conclusions of law, and orders of the trial judge should not be reversed
unless a clear abuse of discretion is shown. Flournoy v. State, 589 S.W.2d 705, 705 (Tex. Crim.
App. 1979).
      An appellate court will determine whether the trial court abused its discretion by examining
the evidence in the light most favorable to the trial court’s orders. Cordonau v. State, 665 S.W.2d
492, 493 (Tex. Crim. App. 1984). Proof of a single violation is sufficient to support the judgment
of revocation. Jones v. State, 571 S.W.2d 191, 193-94 (Tex. Crim. App. 1978).
Condition B:     Avoid injurious or vicious habits. Specifically avoid the illegal use of narcotics,
barbiturates, or habit-forming drugs and alcoholic beverages.
      The State alleged and proved by the evidence that Appellant possessed and used marihuana
resulting in a urine sample taken on or about August 20, 1996, testing positive.
      Appellant argues the evidence insufficient to support the revocation for violation of condition
B because the State proved only a single act of forbidden conduct and did not show a habit. Here,
the judgment placing Appellant on probation prohibits both injurious or vicious habits and,
specifically, the use of illegal narcotics and drugs. Appellant tested positive for the use of
marihuana and thus the trial court was authorized to revoke her probation under condition B. 
Chacon v. State, 558 S.W.2d 874, 876 (Tex. Crim. App. 1977).
Condition D:     Report to the probation officer June 3, 1996, at 1:00 p.m. and on or before the
15th day of each month thereafter.
      Appellant’s supervising officer testified Appellant failed to report during December 1996, and
April 1997. This is sufficient to support the revocation.
Condition E:     Required Appellant to pay $40 per month supervision fees on or before the 15th
day of each month during the period of probation.
      While Appellant did not pay some of her fees timely, at the time of trial she had paid off all
probation fees due. We sustain Appellant’s contention as to condition E, but affirm the judgment
of revocation and sentence since conditions B and D were violated and trial judge did not abuse
his discretion in so finding.
      The judgment is affirmed.
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)
Before Justice Cummings,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed July 22, 1998
Do not publish