Hulbert v. SOT








 







NUMBER 13-02-00110-CR




COURT OF APPEALS




THIRTEENTH DISTRICT OF TEXAS




CORPUS CHRISTI - EDINBURG


 

JOSEPH HULBERT, Appellant,



v.




THE STATE OF TEXAS, Appellee.

 

On appeal from the 130th District Court of Matagorda County, Texas.


 

O P I N I O N




Before Justices Hinojosa, Yañez, and Garza


Opinion by Justice Hinojosa




 This is an appeal from the trial court's order revoking community supervision. Appellant, Joseph Hulbert,
pleaded guilty to the felony offense of delivery of a controlled substance. (1) The trial court found him
guilty, assessed his punishment at ten years imprisonment and a $2,000.00 fine. However, the sentence
of imprisonment was suspended and appellant was placed on community supervision for a term of ten
years.

 The State subsequently filed a motion to revoke, alleging appellant had violated three conditions of his
community supervision. Appellant pleaded "not true" to each of the allegations in the motion. After an
evidentiary hearing, the trial court found that appellant had violated two conditions of his community
supervision order, revoked his community supervision, and ordered that appellant serve the originally
imposed sentence of ten years imprisonment. The trial court has certified that this case "is not a
plea-bargain case, and the defendant has the right of appeal." See Tex. R. App. P. 25.2(a)(2). By two
points of error, appellant challenges the sufficiency of the trial court's findings. We affirm.

A. Revocation of Community Supervision


 The burden of proof in a probation (2) revocation hearing is by a preponderance of the evidence. Cobb v.
State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); Cardona v. State, 665 S.W.2d 492, 493-94 (Tex.
Crim. App. 1984). Preponderance of the evidence means the greater weight and degree of credible
testimony. Kulhanek v. State, 587 S.W.2d 424, 426 (Tex. Crim. App. 1979); Scamardo v. State, 517
S.W.2d 293, 297 (Tex. Crim. App. 1974). The appellate court construes the evidence in the light most
favorable to the trial court's findings. Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). 
The trial court is the sole judge of the credibility of the witnesses and the weight to be given their
testimony. Id.

 Appellate review of an order revoking community supervision is limited to a determination of whether the
trial court abused its discretion. Forrest v. State, 805 S.W.2d 462, 464 (Tex. Crim. App. 1991). Where
the State has failed to meet its burden of proof, the trial court abuses its discretion in issuing an order to
revoke community supervision. Cardona, 665 S.W.2d at 493-94. Proof of violation of a single condition
of community supervision will support a revocation. Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim.
App. 1980); Sterling v. State, 791 S.W.2d 274, 276 (Tex. App.-Corpus Christi 1990, pet. ref'd).

B. Analysis


 By his first point of error, appellant contends the trial court abused its discretion in finding that appellant
had committed the offense of public intoxication, a violation of the terms of his community supervision
order.

 A person commits the offense of public intoxication if the person appears in a public place while
intoxicated to the degree that the person may endanger himself or another. Tex. Pen. Code Ann. §
49.02(a) (Vernon 2003). Relevant to appellant's alleged public intoxication, the following evidence was
presented.

 The State presented the testimony of Officer Gus Fuentes, a patrol officer with the Bay City Police
Department. While on patrol, Fuentes saw appellant in his wheelchair crossing a busy intersection in Bay
City. In the officer's opinion, appellant was very intoxicated and very belligerent. Fuentes witnessed
appellant speaking very loudly as he was crossing the intersection. Appellant had a strong odor of alcohol
on his person and on his breath. In the officer's opinion, appellant was a danger to himself and others.
Moreover, on cross-examination, appellant admitted he had pleaded guilty in municipal court to the
offense of public intoxication as a result of this very same incident, and the municipal court had found him
guilty of said offense.

 Viewed in a light most favorable to the trial court's revocation order, we conclude the evidence is
sufficient to support the trial court's finding that appellant committed the offense of public intoxication, a
violation of the terms of his community supervision order. Accordingly, we hold that the trial court did not
abuse its discretion by revoking appellant's community supervision. Appellant's first point of error is
overruled.

 In light of our disposition of appellant's first point of error, it is unnecessary to address his second point. 
See Tex. R. App. P. 47.1.

 We affirm the trial court's order revoking appellant's community supervision.



 FEDERICO G. HINOJOSA

 Justice





Do not publish. See Tex. R. App. P. 47.2(b).



Opinion delivered and filed this the

21st day of August, 2003.

1. See Tex. Health & Safety Code Ann. § 481.112 (Vernon 2003).

2. In 1993, the Texas Legislature amended the code of criminal procedure, stating: "a reference in the
law to 'probation' or 'deferred adjudication' means 'community supervision' as that term is defined in
Section 2, Article 42.12, Code of Criminal Procedure." Act of June 19, 1993, 73rd Leg., R.S., ch. 900,
§ 4.04, 1993 Tex. Gen. Laws 3746.