NO. 07-03-0012-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



FEBRUARY 9, 2004



______________________________




LAYTON WILLARD ADAMS, JR., APPELLANT



v.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;



NO. 9998; HON. TOM NEELY, PRESIDING



_______________________________



Before QUINN and REAVIS, JJ., and BOYD S.J. (1)

 After his plea of guilty to a charged offense of possession of a controlled substance
in an amount of more than four but less than 200 grams, appellant's adjudication was
deferred on April 30, 2001, and he was placed on probation for five years. On July 26,
2001, the State moved to proceed with adjudication and, on August 14, 2001, appellant
was adjudicated guilty and was assessed a five year penal sentence. However, on
December 10, 2001, the trial court entered an order granting community supervision after
sentence and appellant was placed on community supervision for five years. On
November 18, 2002, upon the State's motion to revoke, the trial court found appellant had
tested positive on urinalysis tests on or about October 7, 2002, October 29, 2002, and
November 4, 2002, for amphetamines/methamphetamines, and thus had violated that
condition of his probation which required him to avoid injurious or vicious habits, including
the use of narcotic or habit-forming drugs. Accordingly, the trial court revoked appellant's
probation and assessed the penal sentence giving rise to this appeal. 

 In presenting his appeal, and in each of his three issues, appellant only challenges
the court's finding that he tested positive on the October 7, 2002 urinalysis. In mounting
that challenge, he asserts the trial court abused its discretion because the result of his
urinalysis was improperly admitted into evidence inasmuch as no proper predicate was laid
for its admission. To establish the predicate for the admission of a hearsay item as a
business record exception, the proponent must establish:

 1. the record was made and kept in the course of a regularly conducted
business activity;


 2. it was the regular practice of that business activity to make the record;


 3. the record was made at or near the time of the event being recorded; and


 4. the person making the record or submitting the information had personal
knowledge of the events being recorded.

Tex. R. Evid. 803(6); Philpot v. State, 897 S.W.2d 848, 851-52 (Tex. App.--Dallas 1995,
pet. ref'd). 

 As appellant recognizes, in a hearing of this nature, the State is merely required to
prove its allegations by a preponderance of the evidence and, because appellant is
challenging the sufficiency of the evidence, it must be reviewed in a light most favorable
to the trial court's decision. Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981);
Kulhanek v. State, 587 S.W.2d 424, 426 (Tex. Crim. App. 1979). Further, the issue
presented is whether the trial judge abused his discretion, and if the State fails to meet its
burden of proof, the trial judge abuses his discretion in revoking the probation (community
supervision). Cardona v. State, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984).

 The State presented two witnesses at the hearing, Bill Owen and John L. Laseter. 
Owen testified that he had been appellant's probation officer for some 11 months. It was
a part of his job to conduct random drug tests on his probationers. He conducted the tests
on appellant on October 7, October 29, and November 4, 2002, and witnessed appellant
giving the samples. As part of his training, he averred, he takes the specimens back to his
office, runs a "test strip" on them, and they are boxed up and sent to a lab for analysis. In
this case, after the October 7 test, he watched as appellant placed the specimen into a
container, sealed it, and initialed it. Appellant also initialed the carbon copy of the
paperwork included with the specimen, which was sent by U.S. mail to Accu-Chem in
Richardson or Fort Worth, Texas.

 Laseter testified that he was employed as the laboratory director for the Accu-Chem
Laboratories in Richardson, Texas. He went over his rather extensive education in
biochemistry. He said that his company was engaged in testing activities such as those
involved here. Laseter had been in that business for 20 years and had testified about 250
times in state district courts in Texas. He also listed the entities that had certified the
laboratory. 

 Laseter averred that specimens such as that in question here, come to his
organization in a sealed container that has a chain of custody tag on it, "which has relevant
information, numbers, and other identifiers on it, plus initials and signatures, and so forth." 
He said they received the subject specimen on October 9, 2002. It had all the seals intact
and all the necessary information on it. He admitted that he did not personally receive the
specimen nor did he personally perform the tests on it. He identified the records of the
tests performed, averred that he was the custodian of the records, that they were made in
the usual course of business, that the records were made at or near the time the tests were
performed, and that the records were made by persons with personal knowledge of the
activities they were documenting. All of the specimens received tested positive for the
presence of methamphetamine/amphetamine. He also testified that the collection of
specimens in the manner testified to by Owen would not contaminate the specimen such
that there would be a false reading from the tests performed by the laboratory. 

 The trial court did not err in admitting the records. Viewed in the light by which we
must view it, the evidence was sufficient to sustain the trial court's conclusion that appellant
had violated the conditions of his probation in the manner alleged. Moreover, when more
than one violation of the conditions of community supervision is found by the trial court, the
revocation order will be affirmed if one sufficient ground supports the order. Inasmuch as
appellant does not challenge the trial court's findings on the other two dates, those findings
are sufficient to support the revocation order.

 Accordingly, all of appellant's issues are overruled and the judgment of the trial court
is affirmed. 


 John T. Boyd

 Senior Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004). 



henUsed="false" Name="Revision"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0235-CR

NO. 07-10-0236-CR

NO. 07-10-0237-CR

NO. 07-10-0238-CR

NO. 07-10-0239-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

FEBRUARY 24, 2011

 

______________________________

 

 

JOE MARVIN SLUTZ, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

 

NOS. 58,571-E, 58,572-E, 58,573-E, 58,574-E &
58,575-E;

 

HONORABLE DOUGLAS R. WOODBURN, JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

In 2008, Appellant, Joe Marvin Slutz,
was convicted and sentenced as follows: cause number 58,571-E, sexual assault of a
childBtwenty years
confinement; (2) cause number 58,572-E, Count IBaggravated sexual
assault of a childBconfinement for life; Count IIBaggravated sexual
assault of a childBconfinement for life; (3) cause number
58,573-E, aggravated sexual assault of a childBconfinement for
life; (4) cause number 58,574-E, aggravated sexual assault of a childBconfinement for
life; and (5) cause number 58,575-E, aggravated sexual assault of a childBconfinement for
life.  His convictions were affirmed by
this Court.  See Slutz v. State, Nos. 07-08-00434-CR,
07-08-00435-CR, 07-08-0436-CR, 07-08-0437, and 07-08-0438-CR, 2009 Tex. App.
LEXIS 8326 (Tex.App.--Amarillo Oct. 29, 2009, pet. dism'd).

            On March 12, 2010, Appellant filed,
in each cause, a Motion for Post Conviction DNA Testing Pursuant to Chapter 64
of the Texas Code of Criminal Procedure. 
As required by article 64.02(a)(2)(B) of the Code, the State responded
to Appellant's motion by explaining that no evidence could be delivered for
testing because none had been collected.  In its brief, the State explained that during
Appellant's trial, the Sexual Assault Nurse Examiner testified that she did not
collect any samples for testing because the last sexual assault had occurred
outside a ninety-six hour period.  No
hearing was held on Appellant's motion, and the trial court entered an order in
each cause denying the motion.[1]  Appellant now appeals the denial of his
request for DNA testing. 

            Relying on McKenzie v. State, 617 S.W.2d 211
(Tex.Crim.App. 1981), Appellant argues that "[t]he rule is well settled
that where the state introduces an exculpatory statement or confession of a
defendant it is then bound to disprove it and failure to do so is grounds for
acquittal."  Id. at 217.  McKenzie has no application to this
appeal from the trial court's denial of a request for DNA testing.  Furthermore, Appellant does not brief nor
argue entitlement to appointed counsel or challenge the trial court's
rulings.  See Tex. R. App. P. 38.1(i).  Nevertheless, we will construe his brief as a
challenge to the denial of his motions for DNA testing.

            We review the trial
court's decision to deny DNA testing under the bifurcated standard announced in
Guzman v. State, 955 S.W.2d 85, 89
(Tex.Crim.App. 1997).  See Rivera
v. State, 89 S.W.3d 55, 59 (Tex.Crim.App. 2002). 
Chapter 64 of the Texas Code of Criminal Procedure provides that a
convicting court may order forensic DNA testing only if it finds the evidence Astill exists and is in a condition
making DNA testing possible.@ 
Tex. Code Crim. Proc. Ann. art. 64.03(a) (West Supp.
2010).  The burden is on the
convicted person to establish by a preponderance of the evidence that he would
not have been convicted if exculpatory results had been obtained through DNA
testing, and the request for the proposed DNA testing is not made to
unreasonably delay the execution of sentence or administration of justice.  Art. 64.03(a)(2).  Simply stated, the convicted person must show
the existence of a reasonable probability that exculpatory DNA tests would
prove his innocence.  Kutzner v. State, 75 S.W.3d 427,
439 (Tex.Crim.App. 2002). 

Additionally, the Court of Criminal Appeals has held that A[n]othing
in Article 64.03 requires a hearing of any sort concerning the trial court=s determination of whether a
defendant is entitled to DNA testing.@  Rivera, 89 S.W.3d at 58-59.  Therefore,
the trial court, in deciding whether the evidence to be tested still exists,
may reach its decision based on the sufficiency of the State=s written explanation of its failure
to deliver the requested evidence.  See
Mearis v. State, 120 S.W.3d
20, 24 (Tex.App.BSan Antonio 2003,
pet. ref=d).

In the present case, the State explained there was no
biological material to test.  Based on
the sufficiency of the State's reason, the trial court concluded that Appellant
was not entitled to DNA testing.  Consequently,
Appellant did not demonstrate entitlement to appointed counsel or to DNA
testing.[2]  We hold the trial court did not err in
denying Appellant's request for DNA testing in each cause.  Appellant=s sole contention is overruled.

Accordingly, the trial court's orders are affirmed.

 

 

                                                                        Patrick
A. Pirtle

                                                                                          Justice

 

Do not publish.

 

 











[1]Although
the trial court's order is entitled "Order Denying Defendant's Motion for
DNA Testing and Appointment of Counsel," nowhere in his motions does
Appellant request appointment of counsel. 
Nevertheless, in the notices of appeal filed in cause numbers
07-10-0236-CR and 07-10-0237-CR, Appellant complains that the trial court did
not appoint counsel to represent him in pursuing DNA testing. Entitlement to
appointed counsel to pursue DNA testing is not absolute.  The convicted person must meet three
criteria:  (1) inform the trial court
that he wants to submit a motion for the appointment of counsel; (2) the trial
court must find that "reasonable grounds" exist for the filing of the
motion; and (3) the trial court must find that the convicted person is
indigent.  Gutierrez v. State, 307 S.W.3d 318, 321
(Tex.Crim.App. 2010).

 





[2]On
January 25, 2011, Appellant filed an untimely Reply Brief.  He complains that his conviction was based on
extraneous offense evidence.  This issue
was addressed and resolved against Appellant in his direct appeals.  See Slutz v. State, Nos. 07-08-00434-CR, 07-08-00435-CR,
07-08-00436-CR, 07-08-00437-CR, and 07-08-00438-CR, 2009 Tex. App. LEXIS 8326
(Tex.App.--Amarillo Oct. 29, 2009, pet. dism'd).  His other complaints relate to alleged
biological material.  As the State
explained, no biological material was collected; thus, there is nothing to test.  We overrule the arguments raised in
Appellant's Reply Brief.