NO. 07-03-0012-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 9, 2004

_____

LAYTON WILLARD ADAMS, JR., APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 9998; HON. TOM NEELY, PRESIDING

_____

Before QUINN and REAVIS, JJ., and BOYD S.J.[1]

After his plea of guilty to a charged offense of possession of a controlled substance in an amount of more than four but less than 200 grams, appellant's adjudication was deferred on April 30, 2001, and he was placed on probation for five years. On July 26, 2001, the State moved to proceed with adjudication and, on August 14, 2001, appellant was adjudicated guilty and was assessed a five year penal sentence. However, on

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

December 10, 2001, the trial court entered an order granting community supervision after sentence and appellant was placed on community supervision for five years. On November 18, 2002, upon the State's motion to revoke, the trial court found appellant had tested positive on urinalysis tests on or about October 7, 2002, October 29, 2002, and November 4, 2002, for amphetamines/methamphetamines, and thus had violated that condition of his probation which required him to avoid injurious or vicious habits, including the use of narcotic or habit-forming drugs. Accordingly, the trial court revoked appellant's probation and assessed the penal sentence giving rise to this appeal.

In presenting his appeal, and in each of his three issues, appellant only challenges the court's finding that he tested positive on the October 7, 2002 urinalysis. In mounting that challenge, he asserts the trial court abused its discretion because the result of his urinalysis was improperly admitted into evidence inasmuch as no proper predicate was laid for its admission. To establish the predicate for the admission of a hearsay item as a business record exception, the proponent must establish:

1. the record was made and kept in the course of a regularly conducted business activity;

2. it was the regular practice of that business activity to make the record;

3. the record was made at or near the time of the event being recorded; and

4. the person making the record or submitting the information had personal knowledge of the events being recorded.

Tex. R. Evid. 803(6); *Philpot v. State,* 897 S.W.2d 848, 851-52 (Tex. App.--Dallas 1995, pet. ref'd).

2

As appellant recognizes, in a hearing of this nature, the State is merely required to prove its allegations by a preponderance of the evidence and, because appellant is challenging the sufficiency of the evidence, it must be reviewed in a light most favorable to the trial court's decision. *Garrett v. State,* 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); *Kulhanek v. State,* 587 S.W.2d 424, 426 (Tex. Crim. App. 1979). Further, the issue presented is whether the trial judge abused his discretion, and if the State fails to meet its burden of proof, the trial judge abuses his discretion in revoking the probation (community supervision). *Cardona v. State,* 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984).

The State presented two witnesses at the hearing, Bill Owen and John L. Laseter. Owen testified that he had been appellant's probation officer for some 11 months. It was a part of his job to conduct random drug tests on his probationers. He conducted the tests on appellant on October 7, October 29, and November 4, 2002, and witnessed appellant giving the samples. As part of his training, he averred, he takes the specimens back to his office, runs a "test strip" on them, and they are boxed up and sent to a lab for analysis. In this case, after the October 7 test, he watched as appellant placed the specimen into a container, sealed it, and initialed it. Appellant also initialed the carbon copy of the paperwork included with the specimen, which was sent by U.S. mail to Accu-Chem in Richardson or Fort Worth, Texas.

Laseter testified that he was employed as the laboratory director for the Accu-Chem Laboratories in Richardson, Texas. He went over his rather extensive education in biochemistry. He said that his company was engaged in testing activities such as those

3

involved here. Laseter had been in that business for 20 years and had testified about 250 times in state district courts in Texas. He also listed the entities that had certified the laboratory.

Laseter averred that specimens such as that in question here, come to his organization in a sealed container that has a chain of custody tag on it, "which has relevant information, numbers, and other identifiers on it, plus initials and signatures, and so forth." He said they received the subject specimen on October 9, 2002. It had all the seals intact and all the necessary information on it. He admitted that he did not personally receive the specimen nor did he personally perform the tests on it. He identified the records of the tests performed, averred that he was the custodian of the records, that they were made in the usual course of business, that the records were made at or near the time the tests were performed, and that the records were made by persons with personal knowledge of the activities they were documenting. All of the specimens received tested positive for the presence of methamphetamine/amphetamine. He also testified that the collection of specimens in the manner testified to by Owen would not contaminate the specimen such that there would be a false reading from the tests performed by the laboratory.

The trial court did not err in admitting the records. Viewed in the light by which we must view it, the evidence was sufficient to sustain the trial court's conclusion that appellant had violated the conditions of his probation in the manner alleged. Moreover, when more than one violation of the conditions of community supervision is found by the trial court, the revocation order will be affirmed if one sufficient ground supports the order. Inasmuch as

4

appellant does not challenge the trial court's findings on the other two dates, those findings are sufficient to support the revocation order.

Accordingly, all of appellant's issues are overruled and the judgment of the trial court is affirmed.

John T. Boyd
Senior Justice

Do not publish.