NUMBER 13-09-102-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


WILLIAM JAMES GROVER, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the156th District Court 

of Live Oak County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Vela



 Appellant, William James Grover, appeals from an order revoking his community
supervision and sentencing him to ten years' imprisonment and assessing a $5,000 fine. 
By one issue, Grover contends that the evidence is legally insufficient to support a finding
that he violated his community supervision. We affirm.

I. Procedural History


 On November 29, 2007, Grover was indicted for the offense of evading arrest using
a vehicle. See Tex. Penal Code Ann. § 38.04 (Vernon 2003). The indictment alleged that
the offense was enhanced to a second-degree felony because of Grover's two prior
convictions. See Tex. Penal Code § 12.42 (a)(2) (Vernon Supp. 2008). After a jury trial,
Grover was found guilty; the trial court then imposed a suspended sentence of ten years'
imprisonment and a $5,000 fine. The trial court placed Grover on seven years' community
supervision. On September 24, 2008, the State filed a motion to revoke Grover's
community supervision alleging that he had violated its conditions by failing to complete
the program at Glossbrenner Substance Abuse Felony Punishment Facility. On November
22, 2008, Grover pleaded not true to the allegations and, after hearing evidence, the trial
court found the allegations to be true, revoked Grover's community supervision, sentenced
him to ten years' imprisonment, and assessed a $5,000 fine. 

 II. Discussion


 1. Standard of Review

 The State bears the burden of showing by a preponderance of the evidence that the
defendant committed a violation of the community-supervision conditions. Antwine v.
State, 268 S.W.3d 634, 636 (Tex. App.-Eastland 2008, pet. ref'd) (citing Cobb v. State,
851 S.W.2d 871, 873 (Tex. Crim. App. 1993); Kulhanek v. State, 587 S.W.2d 424, 426
(Tex. Crim. App. 1979)). We review the trial court's order revoking community supervision
under an abuse-of-discretion standard. Id. (citing Rickels v. State, 202 S.W.3d 759, 763
(Tex. Crim. App. 2006); Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). 
The trial court is the sole judge of the witnesses' credibility and the weight given to their
testimony, and we review the evidence in the light most favorable to the trial court's ruling. 
Id. (citing Cardona, 665 S.W.2d at 493; Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim.
App. 1981)). If the State does not meet its burden of proof, the trial court abuses its
discretion in revoking the community supervision. Id. (citing Cardona, 665 S.W.2d 493-94). 
Proof by a preponderance of the evidence of any one of the alleged violations of the
community-supervision conditions is sufficient to support a revocation order. Id. (citing
Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); Leach v. State, 170 S.W.3d
669, 672 (Tex. App.-Fort Worth 2005, pet. ref'd)). A plea of true, standing alone, supports
the revocation of community supervision. See Cole v. State, 578 S.W.2d 127, 128 (Tex.
Crim. App. 1979) (holding a plea of true to one allegation is sufficient to support revocation
of probation).

 At the hearing on the motion to revoke, the trial court heard testimony from several
witnesses. Jessie Lopez, Grover's community-supervision officer, testified that he provided
Grover with a copy of his community supervision conditions, one of which was that he
successfully complete the program at the Glossbrenner Substance Abuse Felony
Punishment Facility. According to Lopez, Grover arrived at the Glossbrenner Unit on June
6, 2008. Lopez testified that Grover's progress reports during the program failed to show
good progress and revealed a series of behavioral problems with his peers. The reports
showed that Grover was placed on alternative treatment twice for assaulting other
offenders, requiring him to be housed in a segregated cell. Grover had two behavioral
problems which required him to be placed on a "no talk contract" for 72 hours. Grover was
also subject to three disciplinary cases for violating the program's "Cardinal Rules" of no
violence and no physical contact by kicking another offender in the stomach, and was also
caught "trafficking and trading".


 John Serone, the security captain at the Glossbrenner Unit, testified that Grover had
shown discipline problems, such as not getting along with his peers, and that after each
occasion, except for the trafficking incident, he counseled Grover. Serone stated that
although Grover claimed that he was the victim in these incidents and was being
threatened by his peers, an investigation proved the allegations to be false. He further
testified that despite Grover's complaints of threats, he asked to stay in the same dorms
as those allegedly threatening him. 

 Linda Garcia, the transitional coordinator with Gateway Foundation, testified that
she met with Grover after he violated several "Cardinal Rules" of the facility. Garcia stated
that she placed Grover on a "zero-tolerance" program, indicating that Grover did not need
to be notified of being discharged from the facility should he commit any other major
infractions. According to Garcia, Grover's final violation occurred when he assaulted
another offender by striking him on the back of the head. Thereafter, on September 5,
2008, Grover was unsuccessfully discharged from the Glossbrenner Unit. 

 Viewing this evidence in the light most favorable to the trial court's ruling, we
conclude the State established by a preponderance of the evidence that Grover failed to
successfully complete the Glossbrenner Substance Abuse Felony Punishment Facility
program as required by the conditions of his community supervision. We therefore hold
that the trial court did not abuse its discretion in revoking Grover's community supervision. 
See Antwine, 268 S.W.3d at 636. We overrule the sole issue.

 




 III. Conclusion


 We affirm the trial court's judgment.



 

 ROSE VELA 

 Justice



Do not publish.

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and

filed this 2nd day of July, 2009.