Affirmed and Memorandum Opinion filed February 18, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00124-CR

___________________

 

Alexander Oveal, Appellant

 

V.

 

State of Texas, Appellee



 



 

On
Appeal from the 339th District Court

Harris County,
Texas



Trial Court Cause No. 0782415

 



 

 

MEMORANDUM  OPINION

            Appellant Alexander Oveal challenges the sufficiency
of the evidence to support the trial court’s conclusion that he violated a
condition of his community supervision.  We affirm.

I.  Factual
and Procedural Background

            In
1998, appellant was indicted for aggravated sexual assault of a child under the
age of fourteen.  Adjudication of the offense was deferred and appellant was
placed on community supervision for seven years.  Due to his continued failure
to successfully complete a sexual-offender treatment program, his community supervision
was repeatedly extended and its terms amended.  After a polygraph test
indicated that appellant gave deceptive answers when questioned about his
contact with children, his sexual-offender treatment provider decided to
terminate appellant from the program if appellant failed his next polygraph
test.  In June 2008, appellant submitted to another polygraph examination, and
his results indicated that he continued to give deceptive answers.  He did not
attend scheduled group therapy sessions on July 1 and July 8, 2008, and was
unsuccessfully discharged from the program on July 8, 2008.  Shortly
thereafter, the State moved to adjudicate guilt, and after a hearing, the trial
court granted the motion, found appellant guilty of the charged offense, and assessed
punishment at twenty years’ confinement in the Texas Department of Criminal
Justice, Institutional Division.  Appellant timely appealed, and argues that
the evidence was insufficient to support the trial court’s conclusion that
appellant violated a condition of his community supervision.  

II.  Standard
of Review

If the State alleges
that a defendant on deferred adjudication has violated a condition of community
supervision, the defendant is entitled to a hearing to allow the trial court to
determine whether to proceed with an adjudication of guilt on the original
charge.  Tex. Code Crim. Proc. Ann.
art. 42.12, § 5(b) (Vernon Supp. 2007).  This determination is reviewable
in the same manner as a community supervision revocation hearing conducted pursuant
to Texas Code of Criminal Procedure article 42.12, § 21.

            We
review an order revoking community supervision under an abuse-of-discretion
standard.  Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App.
2006).  The State has the burden of showing by a preponderance of the evidence
that the defendant committed a violation of the conditions of community
supervision.  Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993);
Kulhanek v. State, 587 S.W.2d 424, 426 (Tex. Crim. App. 1979).  If the
State fails to meet its burden of proof, the trial court abuses its discretion
in revoking the community supervision.  Cardona v. State, 665 S.W.2d
492, 493–94 (Tex. Crim. App. 1984) (en banc).  The trial court is the sole
judge of the credibility of the witnesses and the weight given to their
testimony, and the evidence is reviewed in the light most favorable to the
trial court's ruling.  See id. at 493.  Proof by a preponderance of the
evidence of any one of the alleged violations of the conditions of community
supervision is sufficient to support a revocation order.  Tex. Code Crim. Proc. Ann. art. 42.12,
§ 21(b); Rickels¸ 202 S.W.3d at 763–64.  To succeed on appeal, an
appellant must successfully challenge all of the trial court’s findings that
support the revocation order.  Jones v. State, 571 S.W.2d 191, 193–94
(Tex. Crim. App. 1978); Joseph v. State, 3 S.W.3d 627, 640 (Tex.
App.—Houston [14th Dist.] 1999, no pet.).

III.  Analysis

            As
a condition of appellant’s community supervision, he was required to participate
in a sex-offender treatment program and comply with all program rules,
regulations, and guidelines until successfully discharged.  The State moved to
adjudicate guilt on the grounds that appellant (1) failed to attend a sex-offender
treatment program session on July 1, 2008; (2) failed to attend a sex-offender
treatment program session on July 8, 2008; and (3) was discharged
unsuccessfully from the treatment program on July 8, 2008.  The trial court made
a general finding that “[w]hile on community supervision, [appellant] violated the
terms and conditions of community supervision as set out in the State’s original
motion” in that he “failed to participate in [a] sex offender treatment program
as directed by the court.”  

            On
appeal, appellant argues that there was genuine confusion as to whether he was
expected to attend treatment sessions on July 1 and July 8, 2008.  Although
these arguments address two of the violations alleged in the State’s motion to
adjudicate guilt, he does not challenge the third alleged violation, i.e., that
he was unsuccessfully discharged from the sex-offender treatment program on
July 8, 2008.  

            The
evidence that appellant was unsuccessfully discharged is uncontroverted.  Although
appellant observes that his therapist initially testified that he was
unsuccessfully discharged on July 15, 2008 rather than on July 8, 2008, he does
not dispute that his therapist refreshed her recollection by reviewing the
discharge letter and testified that appellant was unsuccessfully discharged on
July 8, 2008.  Appellant does not argue that this evidence is insufficient to
support the trial court’s finding.  

            A
trial court does not abuse its discretion in revoking community supervision if
the evidence is sufficient to support even one of violations alleged.  See
Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980); Moore v.
State, 11 S.W.3d 495, 498 (Tex. App.—Houston [14th Dist.] 2000, no pet.).  Because
it is undisputed that the evidence supports the judgment on this ground, we need
not address his arguments as to the other violations asserted by the State.

            We
overrule appellant’s sole issue on appeal and affirm the trial court’s
judgment. 

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Anderson and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).