**Affirmed and Memorandum Opinion filed August 6, 2013.**



**In the**

# Fourteenth Court of Appeals

---

## NO. 14-12-00725-CR

---

### ANDROS ABRAHAM DELACRUZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Cause No. 982838**

---

## M E M O R A N D U M   O P I N I O N

Appellant Andros Abraham Delacruz appeals his conviction for sexual assault, after a motion to adjudicate guilt. On appeal, appellant contends the evidence was insufficient to prove that he violated the terms of his community supervision. Finding the evidence sufficient as to one violation, we affirm.

# I.     FACTUAL AND PROCEDURAL BACKGROUND

On June 17, 2005, appellant pleaded guilty to the felony offense of sexual assault. The court deferred adjudication of guilt and placed appellant under community supervision for ten years. The conditions of appellant's community supervision included: that he commit no offense against the laws of Texas, any other state, or the United States (condition 1); and that he enter no nightclub, bar, or establishment where alcoholic beverages are primarily sold (condition 32). In its motion to adjudicate guilt, the State alleged that appellant violated these two conditions on March 18, 2012, by entering Coaches Sports Bar & Grill ("Coaches") and committing criminal trespass.

We focus on the evidence related to whether or not appellant violated condition number 32. At the hearing, Deputy Brown with the Harris County Sheriff's Department testified that he has worked an extra job as security at Coaches for approximately two years, and was working there on March 18, 2012. Coaches is a sports bar that becomes a nightclub with a DJ on Friday and Saturday nights. According to Brown, alcohol is primarily sold at Coaches. Brown also testified there is a sign posted inside Coaches that generally indicates a "majority of the sales come from 51 percent of alcohol."

Jathan Strait, the manager of Coaches, testified that he has worked at Coaches since November 2011 and was working there on March 18, 2012. Strait classified Coaches as a bar because, while Coaches serves food, "51% or more" of its sales come from alcohol. According to Strait, 51% or more of Coaches' sales come from alcohol "all of the time." Both Brown and Strait, as well as video footage, placed appellant inside Coaches on March 18, 2012.

The trial court found that appellant violated condition 1 and condition 32 of his community supervision, adjudicated him guilty of sexual assault, and sentenced

him to 12 years' confinement. On appeal, appellant argues the trial court abused its discretion in finding that he violated the terms of his community supervision.

## II. STANDARD OF REVIEW

If the State alleges that a defendant on deferred adjudication has violated a condition of community supervision, he is entitled to a hearing for the trial court to determine whether to proceed with an adjudication of guilt on the original charge. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West 2011). This determination is reviewable in the same manner as a community supervision revocation hearing conducted pursuant to Texas Code of Criminal Procedure article 42.12, section 21. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b).

We review an order revoking community supervision under an abuse-of-discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State has the burden of showing by a preponderance of the evidence that the defendant committed a violation of the conditions of his community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993) (en banc); *Kulhanek v. State*, 587 S.W.2d 424, 426 (Tex. Crim. App. [Panel Op.] 1979). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984) (en banc). The trial court is the sole judge of the credibility of the witnesses and the weight given to their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). Proof of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(b); *Rickels*, 202 S.W.3d at 763–64. To succeed on appeal, an appellant must successfully challenge all of the trial court's findings that support the revocation order. *Jones v. State*,

571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978); *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

## III.   ANALYSIS

Appellant challenges both of the trial court's findings, but we may affirm the trial judge's judgment based on only one finding. *Rickels*, 202 S.W.3d at 763–64. We conclude the evidence is sufficient to support the trial court's finding that appellant violated condition 32 of his community supervision by entering a nightclub, bar, or establishment where alcoholic beverages are primarily sold.

Appellant contends that the evidence was insufficient to prove that 51% of Coaches' sales came from alcohol *on the date of the offense*. However, both direct testimony and reasonable inferences therefrom support the trial court's finding that Coaches derived at least 51% of its sales from alcohol on the date appellant entered the establishment.

Both Brown and Strait testified Coaches is a bar or nightclub that primarily sells alcohol. According to Brown, posted inside Coaches is a sign that indicates 51% of sales come from alcohol. Regarding whether the percentage of alcohol sales was 51% on the date of the alleged violation, when the State asked Strait, "All of the time . . . is your establishment 51% alcohol?" he answered, "Correct." This testimony—from the manager of Coaches, who has worked there since November 2011 and was working there on March 18, 2012—reasonably indicates that 51% or more of Coaches' sales have been derived from alcohol every day Strait has been working there, including the date appellant entered the establishment.

Viewing the evidence in the light most favorable to the trial court's ruling, we conclude the evidence is sufficient to support the trial court's finding that

4

appellant violated condition 32 of his community supervision by entering Coaches on March 18, 2012. *See Cobb*, 851 S.W.2d at 873; *Garrett*, 619 S.W.2d at 174. Thus, the trial court did not abuse its discretion in revoking appellant's community supervision and adjudicating him guilty. *See Cardona*, 665 S.W.2d at 493–94. Having concluded the State's evidence is sufficient as to one violation, we need not address appellant's contention that the evidence fails to show he violated condition 1 of his community supervision. *See Jones*, 571 S.W.2d at 193–94.

## IV. CONCLUSION

Accordingly, we affirm the trial court's judgment.


/s/ Tracy Christopher
Justice


Panel consists of Justices Brown, Christopher, and Donovan.

Do Not Publish — TEX. R. APP. P. 47.2(b).