

**NUMBER 13-08-443-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SAMUEL MORGAN,                                           **Appellant,**

**v.**

THE STATE OF TEXAS,                                       **Appellee.**

### On appeal from the 94th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela**
**Memorandum Opinion by Justice Vela**

Appellant, Samuel Morgan, appeals from an order revoking his community supervision and sentencing him to five years' imprisonment. By two issues, appellant contends his plea of true was involuntary, and he complains he received ineffective

assistance of counsel.[1]  We affirm.

## I. Procedural History

On March 30, 2007, appellant, pursuant to a plea agreement, pleaded guilty in the 94th Judicial District Court of Nueces County, Texas, to the offense of assault-family violence, a third-degree felony.  *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2) (Vernon Supp. 2008).  The trial court found him guilty, assessed a suspended sentence of ten years' imprisonment plus a $1,000 fine, and placed him on four years' community supervision.

On January 4, 2008, the Nueces County District Attorney's Office filed a motion to revoke appellant's community supervision, alleging appellant had violated the following terms and conditions of his community supervision:

> 1.  COMMIT NO OFFENSE AGAINST THE LAWS of this State or of any other State or of the United States; to wit:  On or about September 30, 2007, the defendant committed the offense of Assault with Injury-Family Violence (3rd degree felony) in Austin, Travis County, Texas.  (Travis County District Attorney Affidavit  #D1DC07500530)
>
> 8.  PAY the following BY CASHIER'S CHECK OR MONEY ORDER in one or several sums payable through the Nueces County CSCD as determined by the Court:
>
>> d.  The defendant failed to pay a PSI fee in the amount of $25.00 due on or before 09-01-07.  (Balance $10.00)
>>
>> f.  The defendant failed to pay a monthly supervision fee at the rate of $30.00 beginning 05-01-07 and each and every month thereafter while under supervision for the month of July, 2007 through November, 2007. (Arrears $240.00)
>
> 10-1 YOU ARE ORDERED TO ATTEND, PARTICIPATE, PAY FOR AND COMPLETE IN A SATISFACTORY MANNER;
>
>> d.  FELONY VICTIM IMPACT PANEL program within six months of

---

[1]The State did not file an appellate brief in this case.

2

the date of probation as directed; to wit: The defendant has failed to enroll in the Felony Victim Impact Panel by September 30, 2007 as directed by community supervision officer Allisun [sic] Morgan in Travis County.

Thereafter, on February 13, 2008, appellant pleaded guilty in Travis County, Texas, to the offense of assault-family violence and was placed on deferred-adjudication community supervision for that offense. Appellant was represented in Travis County by attorney Thuy-Nhi Morel.

On June 6, 2008, the 94th Judicial District Court conducted a hearing on the State's motion to revoke. During this hearing, appellant pleaded true to the allegations alleged in the motion. After hearing testimony and arguments from defense counsel and the prosecution, the trial court found the allegations to be true, revoked appellant's community supervision, and sentenced him to five years' imprisonment.

## II. Discussion

### A. *Involuntariness of Pleas*

In issue one, appellant contends his February 13, 2008 guilty plea in Travis County to the offense of assault-family violence as well as his plea of true to that offense as alleged in the motion to revoke were both involuntary. Specifically, he argues that Thuy-Nhi Morel, the attorney who represented him at the February 13, 2008 plea hearing, promised him that if he pleaded guilty, appellant "would receive a sixty day sanction, and be reinstated on probation in Nueces County", "which then led [appellant] to plead true to the allegation in Nueces County, falsely expecting the result that was promised by" attorney Thuy-Nhi Morel.

3

1. *Standard of Review*

The State bears the burden of showing by a preponderance of the evidence that the defendant committed a violation of the community-supervision conditions. *Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.–Eastland 2008, pet. ref'd) (citing *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Kulhanek v. State*, 587 S.W.2d 424, 426 (Tex. Crim. App. 1979)). We review the trial court's order revoking community supervision under an abuse-of-discretion standard. *Id*. (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). The trial court is the sole judge of the witnesses's credibility and the weight given to their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Id*. (citing *Cardona,* 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981)). If the State does not meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Id*. (citing *Cardona*, 665 S.W.2d 493-94). Proof by a preponderance of the evidence of any one of the alleged violations of the community-supervision conditions is sufficient to support a revocation order. *Id*. (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.–Fort Worth 2005, pet. ref'd)). A plea of true, standing alone, supports the revocation of community supervision. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979) (holding a plea of true to one allegation is sufficient to support revocation of probation).

2. *Analysis*

During the revocation hearing, the trial court told appellant, "I'm not going to hold the fact that you're not paying against you." However, when defense counsel asked appellant, "The victim impact panel, you said that you had not enrolled by September 30, 2007, why

4

is that?", appellant replied, "No excuse, I guess. I just didn't. . . ." After appellant testified, the trial court heard closing arguments and then stated, "All right. The Court having already found allegations, 1, 8, and 10-1 true, I hereby revoke [appellant's] community supervision probation and sentence him to five years TDC. . . ."

Even if we assume appellant involuntarily pleaded true to the offense of assault-family violence as alleged in the motion to revoke, appellant pleaded true in open court to failing "to enroll in the Felony Victim Impact Panel by September 30, 2007 as directed by" his community supervision officer. "To overturn a revocation order, a defendant must successfully challenge each finding on which the revocation is based." *Harris v. State*, 160 S.W.3d 621, 626 (Tex. App.–Waco 2005, no pet.); *see also Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App. 1978) (declining to consider defendant's challenge to one alleged violation when there was sufficient evidence to support a different alleged violation). Viewing the evidence in the light most favorable to the trial court's ruling, we conclude the State established by a preponderance of the evidence that appellant "failed to enroll in the Felony Victim Impact Panel by September 30, 2007 as directed by" his community-supervision officer, as alleged in the motion to revoke. We hold, therefore, that the trial court did not abuse its discretion in revoking appellant's community supervision. *See Antwine*, 268 S.W.3d at 636. We overrule the first issue.

B. *Ineffective Assistance of Counsel*

In his second issue, appellant argues counsel's ineffectiveness rendered his plea of true involuntary. Appellant argues that attorney Thuy-Nhi Morel's statement that appellant "would get a sixty day sanction and reinstatement as a result [of] taking the deferred adjudication plea bargain [for the offense of assault-family violence in Travis County] was false and erroneous" because the Nueces County prosecutor "knew nothing

of the promise that had been made to" appellant. He further argues that attorney Thuy-Nhi Morel[2] should have taken the Travis County case to trial.

1. *Applicable Law*

Both federal and state constitutions guarantee a defendant the right to counsel. *See* U.S. CONST. amend. VI; TEX. CONST. Art. 1, § 10. Defendants have a right to effective assistance of counsel at a probation-revocation hearing unless it is affirmatively waived. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(d) (Vernon Supp. 2008). "The right to counsel affords an accused an attorney 'reasonably likely to render and rendering reasonably effective assistance.'" *Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991) (quoting *Cannon v. State*, 668 S.W.2d 401, 402 (Tex. Crim. App. 1984)). In analyzing claims of ineffective assistance of counsel, we apply the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). *Ex parte Ellis*, 233 S.W.3d 324, 330 (Tex. Crim. App. 2007). Under this framework, appellant "must prove by a preponderance of the evidence that: (1) 'his counsel's performance was deficient'; and (2) 'there is a 'reasonable probability'—one sufficient to undermine confidence in the result—that the outcome would have been different but for his counsel's deficient performance.'" *Id*. (quoting *Ex parte Chandler*, 182 S.W.2d 350, 353 (Tex. Crim. App. 2005)).

To establish deficient performance, appellant "must show that 'counsel was not acting as 'a reasonably competent attorney,' and his advice was not 'within the range of competence demanded of attorneys in criminal cases.'" *Id*. (quoting *Ex parte Chandler*, 182 S.W.3d at 354). Appellant "must overcome the 'strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.'" *Id*. (quoting

---

[2]Attorney Thuy-Nhi Morel did not testify at the revocation hearing. Appellant did not file a motion for new trial.

6

*Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)). Therefore, appellant "must 'overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Id*. (quoting *Miniel v. State*, 831 S.W.2d 310, 323 (Tex. Crim. App. 1992)). "The reasonableness of an attorney's performance is judged according to the 'prevailing professional norms' and includes an examination of all the facts and circumstances involved in a case." *Id*. (quoting *Strickland*, 466 U.S. at 688). We "'must be highly deferential to trial counsel and avoid the deleterious effects of hindsight.'" *Id*. (quoting *Thompson*, 9 S.W.3d at 813).

Under the second prong of the *Strickland* analysis, appellant "must establish that the 'constitutionally deficient performance prejudiced his defense—that is, he must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id*. (quoting *Ex parte Chandler*, 182 S.W.3d at 354). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id*. at 330-31 (quoting *Strickland*, 466 U.S. at 694). "When making this determination, any constitutionally deficient acts or omissions will be considered in light of the 'totality of the evidence before the judge or jury.'" *Id*. at 331 (quoting *Strickland*, 466 U.S. at 695).

2. *Analysis*

Even if we assume attorney Thuy-Nhi Morel's advice to appellant with respect to the Travis County offense was false and that counsel should have taken the case to trial, appellant has not shown that the factfinder would have found him not guilty of that offense, thus preventing the Nueces County District Attorney's Office from using the offense in support of the instant motion to revoke. Furthermore, as stated in issue one, appellant pleaded true to the allegation that he "failed to enroll in the Felony Victim Impact Panel by

September 30, 2007, as directed by" his community-supervision officer. This allegation alone was sufficient to support the trial court's order on the motion to revoke. Thus, appellant has failed to "show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id*. at 330 (quoting *Ex parte Chandler*, 182 S.W.3d at 354). Issue two is overruled.

## III. Conclusion

We affirm the trial court's judgment.


ROSE VELA
Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 12th day of March, 2009.