NUMBER 13-08-443-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


SAMUEL MORGAN, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 94th District Court 

of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Garza and Vela


Memorandum Opinion by Justice Vela



 Appellant, Samuel Morgan, appeals from an order revoking his community
supervision and sentencing him to five years' imprisonment. By two issues, appellant
contends his plea of true was involuntary, and he complains he received ineffective
assistance of counsel. (1) We affirm.

I. Procedural History


 On March 30, 2007, appellant, pursuant to a plea agreement, pleaded guilty in the
94th Judicial District Court of Nueces County, Texas, to the offense of assault-family
violence, a third-degree felony. See Tex. Penal Code Ann. § 22.01(a)(1), (b)(2) (Vernon
Supp. 2008). The trial court found him guilty, assessed a suspended sentence of ten
years' imprisonment plus a $1,000 fine, and placed him on four years' community
supervision.

 On January 4, 2008, the Nueces County District Attorney's Office filed a motion to
revoke appellant's community supervision, alleging appellant had violated the following
terms and conditions of his community supervision:

 1. COMMIT NO OFFENSE AGAINST THE LAWS of this State or of any
other State or of the United States; to wit: On or about September 30, 2007,
the defendant committed the offense of Assault with Injury-Family Violence
(3rd degree felony) in Austin, Travis County, Texas. (Travis County District
Attorney Affidavit #D1DC07500530) 


 8. PAY the following BY CASHIER'S CHECK OR MONEY ORDER in one
or several sums payable through the Nueces County CSCD as determined
by the Court:


 d. The defendant failed to pay a PSI fee in the amount of $25.00 due
on or before 09-01-07. (Balance $10.00)


 f. The defendant failed to pay a monthly supervision fee at the rate
of $30.00 beginning 05-01-07 and each and every month thereafter
while under supervision for the month of July, 2007 through
November, 2007. (Arrears $240.00)


 10-1 YOU ARE ORDERED TO ATTEND, PARTICIPATE, PAY FOR AND
COMPLETE IN A SATISFACTORY MANNER;


 d. FELONY VICTIM IMPACT PANEL program within six months of
the date of probation as directed; to wit: The defendant has failed to
enroll in the Felony Victim Impact Panel by September 30, 2007 as
directed by community supervision officer Allisun [sic] Morgan in
Travis County.


 Thereafter, on February 13, 2008, appellant pleaded guilty in Travis County, Texas,
to the offense of assault-family violence and was placed on deferred-adjudication
community supervision for that offense. Appellant was represented in Travis County by
attorney Thuy-Nhi Morel.

 On June 6, 2008, the 94th Judicial District Court conducted a hearing on the State's
motion to revoke. During this hearing, appellant pleaded true to the allegations alleged in
the motion. After hearing testimony and arguments from defense counsel and the
prosecution, the trial court found the allegations to be true, revoked appellant's community
supervision, and sentenced him to five years' imprisonment.

II. Discussion


A. Involuntariness of Pleas

 In issue one, appellant contends his February 13, 2008 guilty plea in Travis County
to the offense of assault-family violence as well as his plea of true to that offense as
alleged in the motion to revoke were both involuntary. Specifically, he argues that Thuy-Nhi Morel, the attorney who represented him at the February 13, 2008 plea hearing,
promised him that if he pleaded guilty, appellant "would receive a sixty day sanction, and
be reinstated on probation in Nueces County", "which then led [appellant] to plead true to
the allegation in Nueces County, falsely expecting the result that was promised by" attorney
Thuy-Nhi Morel.



 1. Standard of Review

 The State bears the burden of showing by a preponderance of the evidence that the
defendant committed a violation of the community-supervision conditions. Antwine v.
State, 268 S.W.3d 634, 636 (Tex. App.-Eastland 2008, pet. ref'd) (citing Cobb v. State,
851 S.W.2d 871, 873 (Tex. Crim. App. 1993); Kulhanek v. State, 587 S.W.2d 424, 426
(Tex. Crim. App. 1979)). We review the trial court's order revoking community supervision
under an abuse-of-discretion standard. Id. (citing Rickels v. State, 202 S.W.3d 759, 763
(Tex. Crim. App. 2006); Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). 
The trial court is the sole judge of the witnesses's credibility and the weight given to their
testimony, and we review the evidence in the light most favorable to the trial court's ruling. 
Id. (citing Cardona, 665 S.W.2d at 493; Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim.
App. 1981)). If the State does not meet its burden of proof, the trial court abuses its
discretion in revoking the community supervision. Id. (citing Cardona, 665 S.W.2d 493-94). Proof by a preponderance of the evidence of any one of the alleged violations of the
community-supervision conditions is sufficient to support a revocation order. Id. (citing
Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); Leach v. State, 170 S.W.3d
669, 672 (Tex. App.-Fort Worth 2005, pet. ref'd)). A plea of true, standing alone, supports
the revocation of community supervision. See Cole v. State, 578 S.W.2d 127, 128 (Tex.
Crim. App. 1979) (holding a plea of true to one allegation is sufficient to support revocation
of probation).

 2. Analysis

 During the revocation hearing, the trial court told appellant, "I'm not going to hold the
fact that you're not paying against you." However, when defense counsel asked appellant,
"The victim impact panel, you said that you had not enrolled by September 30, 2007, why
is that?", appellant replied, "No excuse, I guess. I just didn't. . . ." After appellant testified,
the trial court heard closing arguments and then stated, "All right. The Court having
already found allegations, 1, 8, and 10-1 true, I hereby revoke [appellant's] community
supervision probation and sentence him to five years TDC. . . ."

 Even if we assume appellant involuntarily pleaded true to the offense of assault-family violence as alleged in the motion to revoke, appellant pleaded true in open court to
failing "to enroll in the Felony Victim Impact Panel by September 30, 2007 as directed by"
his community supervision officer. "To overturn a revocation order, a defendant must
successfully challenge each finding on which the revocation is based." Harris v. State, 160
S.W.3d 621, 626 (Tex. App.-Waco 2005, no pet.); see also Jones v. State, 571 S.W.2d
191, 193-94 (Tex. Crim. App. 1978) (declining to consider defendant's challenge to one
alleged violation when there was sufficient evidence to support a different alleged
violation). Viewing the evidence in the light most favorable to the trial court's ruling, we
conclude the State established by a preponderance of the evidence that appellant "failed
to enroll in the Felony Victim Impact Panel by September 30, 2007 as directed by" his
community-supervision officer, as alleged in the motion to revoke. We hold, therefore, that
the trial court did not abuse its discretion in revoking appellant's community supervision. 
See Antwine, 268 S.W.3d at 636. We overrule the first issue.

B. Ineffective Assistance of Counsel

 In his second issue, appellant argues counsel's ineffectiveness rendered his plea
of true involuntary. Appellant argues that attorney Thuy-Nhi Morel's statement that
appellant "would get a sixty day sanction and reinstatement as a result [of] taking the
deferred adjudication plea bargain [for the offense of assault-family violence in Travis
County] was false and erroneous" because the Nueces County prosecutor "knew nothing
of the promise that had been made to" appellant. He further argues that attorney Thuy-Nhi
Morel (2) should have taken the Travis County case to trial.

 1. Applicable Law

 Both federal and state constitutions guarantee a defendant the right to counsel. See
U.S. Const. amend. VI; Tex. Const. Art. 1, § 10. Defendants have a right to effective
assistance of counsel at a probation-revocation hearing unless it is affirmatively waived. 
Tex. Code Crim. Proc. Ann. art. 42.12, § 21(d) (Vernon Supp. 2008). "The right to counsel
affords an accused an attorney 'reasonably likely to render and rendering reasonably
effective assistance.'" Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991)
(quoting Cannon v. State, 668 S.W.2d 401, 402 (Tex. Crim. App. 1984)). In analyzing
claims of ineffective assistance of counsel, we apply the two-part test announced in
Strickland v. Washington, 466 U.S. 668 (1984). Ex parte Ellis, 233 S.W.3d 324, 330 (Tex.
Crim. App. 2007). Under this framework, appellant "must prove by a preponderance of the
evidence that: (1) 'his counsel's performance was deficient'; and (2) 'there is a 'reasonable
probability'--one sufficient to undermine confidence in the result--that the outcome would
have been different but for his counsel's deficient performance.'" Id. (quoting Ex parte
Chandler, 182 S.W.2d 350, 353 (Tex. Crim. App. 2005)). 

 To establish deficient performance, appellant "must show that 'counsel was not
acting as 'a reasonably competent attorney,' and his advice was not 'within the range of
competence demanded of attorneys in criminal cases.'" Id. (quoting Ex parte Chandler,
182 S.W.3d at 354). Appellant "must overcome the 'strong presumption that counsel's
conduct fell within the wide range of reasonable professional assistance.'" Id. (quoting
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)). Therefore, appellant
"must 'overcome the presumption that, under the circumstances, the challenged action
might be considered sound trial strategy.'" Id. (quoting Miniel v. State, 831 S.W.2d 310,
323 (Tex. Crim. App. 1992)). "The reasonableness of an attorney's performance is judged
according to the 'prevailing professional norms' and includes an examination of all the facts
and circumstances involved in a case." Id. (quoting Strickland, 466 U.S. at 688). We
"'must be highly deferential to trial counsel and avoid the deleterious effects of hindsight.'" 
Id. (quoting Thompson, 9 S.W.3d at 813). 

 Under the second prong of the Strickland analysis, appellant "must establish that
the 'constitutionally deficient performance prejudiced his defense--that is, he must show
that 'there is a reasonable probability that, but for counsel's unprofessional errors, the
result of the proceeding would have been different.'" Id. (quoting Ex parte Chandler, 182
S.W.3d at 354). "'A reasonable probability is a probability sufficient to undermine
confidence in the outcome.'" Id. at 330-31 (quoting Strickland, 466 U.S. at 694). "When
making this determination, any constitutionally deficient acts or omissions will be
considered in light of the 'totality of the evidence before the judge or jury.'" Id. at 331
(quoting Strickland, 466 U.S. at 695).

 2. Analysis

 Even if we assume attorney Thuy-Nhi Morel's advice to appellant with respect to the
Travis County offense was false and that counsel should have taken the case to trial,
appellant has not shown that the factfinder would have found him not guilty of that offense,
thus preventing the Nueces County District Attorney's Office from using the offense in
support of the instant motion to revoke. Furthermore, as stated in issue one, appellant
pleaded true to the allegation that he "failed to enroll in the Felony Victim Impact Panel by
September 30, 2007, as directed by" his community-supervision officer. This allegation
alone was sufficient to support the trial court's order on the motion to revoke. Thus,
appellant has failed to "show that 'there is a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been different.'" Id. at 330
(quoting Ex parte Chandler, 182 S.W.3d at 354). Issue two is overruled.

III. Conclusion


 We affirm the trial court's judgment.


 

 ROSE VELA 

 Justice



Do not publish.

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and

filed this 12th day of March, 2009.
1. The State did not file an appellate brief in this case.
2. Attorney Thuy-Nhi Morel did not testify at the revocation hearing. Appellant did not file a motion for
new trial.