

NUMBER 13-09-102-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

WILLIAM JAMES GROVER, **Appellant,**

**v.**

THE STATE OF TEXAS, **Appellee.**

### On appeal from the156th District Court
### of Live Oak County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Vela

Appellant, William James Grover, appeals from an order revoking his community supervision and sentencing him to ten years' imprisonment and assessing a $5,000 fine. By one issue, Grover contends that the evidence is legally insufficient to support a finding that he violated his community supervision. We affirm.

## I. PROCEDURAL HISTORY

On November 29, 2007, Grover was indicted for the offense of evading arrest using a vehicle. *See* TEX. PENAL CODE ANN. § 38.04 (Vernon 2003). The indictment alleged that the offense was enhanced to a second-degree felony because of Grover's two prior convictions. *See* TEX. PENAL CODE § 12.42 (a)(2) (Vernon Supp. 2008). After a jury trial, Grover was found guilty; the trial court then imposed a suspended sentence of ten years' imprisonment and a $5,000 fine. The trial court placed Grover on seven years' community supervision. On September 24, 2008, the State filed a motion to revoke Grover's community supervision alleging that he had violated its conditions by failing to complete the program at Glossbrenner Substance Abuse Felony Punishment Facility. On November 22, 2008, Grover pleaded not true to the allegations and, after hearing evidence, the trial court found the allegations to be true, revoked Grover's community supervision, sentenced him to ten years' imprisonment, and assessed a $5,000 fine.

## II. DISCUSSION

### 1. *Standard of Review*

The State bears the burden of showing by a preponderance of the evidence that the defendant committed a violation of the community-supervision conditions. *Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.–Eastland 2008, pet. ref'd) (citing *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Kulhanek v. State*, 587 S.W.2d 424, 426 (Tex. Crim. App. 1979)). We review the trial court's order revoking community supervision under an abuse-of-discretion standard. *Id*. (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). The trial court is the sole judge of the witnesses' credibility and the weight given to their testimony, and we review the evidence in the light most favorable to the trial court's ruling.

2

*Id.* (citing *Cardona,* 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981)). If the State does not meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Id.* (citing *Cardona*, 665 S.W.2d 493-94). Proof by a preponderance of the evidence of any one of the alleged violations of the community-supervision conditions is sufficient to support a revocation order. *Id.* (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.–Fort Worth 2005, pet. ref'd)). A plea of true, standing alone, supports the revocation of community supervision. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979) (holding a plea of true to one allegation is sufficient to support revocation of probation).

At the hearing on the motion to revoke, the trial court heard testimony from several witnesses. Jessie Lopez, Grover's community-supervision officer, testified that he provided Grover with a copy of his community supervision conditions, one of which was that he successfully complete the program at the Glossbrenner Substance Abuse Felony Punishment Facility. According to Lopez, Grover arrived at the Glossbrenner Unit on June 6, 2008. Lopez testified that Grover's progress reports during the program failed to show good progress and revealed a series of behavioral problems with his peers. The reports showed that Grover was placed on alternative treatment twice for assaulting other offenders, requiring him to be housed in a segregated cell. Grover had two behavioral problems which required him to be placed on a "no talk contract" for 72 hours. Grover was also subject to three disciplinary cases for violating the program's "Cardinal Rules" of no violence and no physical contact by kicking another offender in the stomach, and was also caught "trafficking and trading".

3

John Serone, the security captain at the Glossbrenner Unit, testified that Grover had shown discipline problems, such as not getting along with his peers, and that after each occasion, except for the trafficking incident, he counseled Grover. Serone stated that although Grover claimed that he was the victim in these incidents and was being threatened by his peers, an investigation proved the allegations to be false. He further testified that despite Grover's complaints of threats, he asked to stay in the same dorms as those allegedly threatening him.

Linda Garcia, the transitional coordinator with Gateway Foundation, testified that she met with Grover after he violated several "Cardinal Rules" of the facility. Garcia stated that she placed Grover on a "zero-tolerance" program, indicating that Grover did not need to be notified of being discharged from the facility should he commit any other major infractions. According to Garcia, Grover's final violation occurred when he assaulted another offender by striking him on the back of the head. Thereafter, on September 5, 2008, Grover was unsuccessfully discharged from the Glossbrenner Unit.

Viewing this evidence in the light most favorable to the trial court's ruling, we conclude the State established by a preponderance of the evidence that Grover failed to successfully complete the Glossbrenner Substance Abuse Felony Punishment Facility program as required by the conditions of his community supervision. We therefore hold that the trial court did not abuse its discretion in revoking Grover's community supervision. *See Antwine*, 268 S.W.3d at 636. We overrule the sole issue.

4

## III. Conclusion

We affirm the trial court's judgment.


ROSE VELA
Justice


Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and
filed this 2nd day of July, 2009.

5