

# NUMBER 13-10-627-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RICHARD MARTINEZ,                                                      Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

### On appeal from the 94th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Garza, Vela, and Perkes
### Memorandum Opinion by Justice Vela

Appellant, Richard Martinez, was indicted for attempted sexual assault. *See* TEX. PENAL CODE ANN. § 15.01(a) (Vernon 2003), § 22.011(a) (Vernon Supp. 2010). After pleading guilty to the offense, the court sentenced him to six years' imprisonment but suspended the sentence and placed him on community supervision for six years. Afterwards, on the State's fifth motion to revoke, Martinez pleaded "True" to the alleged

violations of the terms and conditions of his community supervision, and the court revoked community supervision and sentenced him to six years' imprisonment. By one issue, Martinez argues the trial court abused its discretion by revoking community supervision and imposing a six-year prison sentence. We affirm.

## I. REVOCATION HEARING

During the revocation hearing, Martinez pleaded "True" to violating the terms and conditions of community supervision. Specifically, he: (1) failed to serve time in an intermediate sanction facility and upon release, failed "to report to probation" and "failed to obey the order from staff leading to a disciplinary reporting hearing"; (2) "failed to obey an order from staff and leading to a disciplinary report and hearing"; (3) "violated a posted order from the [intermediate sanction] facility leading to a disciplinary report and hearing"; and (4) "failed to successfully complete the intermediate sanction facility as ordered and . . . [was] behaviorally discharged."

Based upon the pleas of true, the court found the allegations to be true. After hearing testimony from Martinez, as well as argument from both sides, the court revoked community supervision.

## II. DISCUSSION

In his sole issue, Martinez argues the court abused its discretion by revoking community supervision and imposing a six-year prison sentence. The State bears the burden of showing by a preponderance of the evidence that the defendant committed a violation of the community-supervision conditions. *Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.–Eastland 2008, pet. ref'd) (citing *Cobb v. State*, 851 S.W.2d 871, 873

(Tex. Crim. App. 1993); *Kulhanek v. State*, 587 S.W.2d 424, 426 (Tex. Crim. App. 1979)). We review the trial court's order revoking community supervision under an abuse-of-discretion standard. *Id.* (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). In a community supervision revocation hearing, an abuse of discretion occurs when the trial judge's decision was so clearly wrong that it falls outside the zone within which reasonable persons might disagree. *Wilkins v. State*, 279 S.W.3d 701, 703-04 (Tex. App.–Amarillo 2007, no pet.); *Brumbalow v. State*, 933 S.W.2d 298, 300 (Tex. App.–Waco 1996, pet. ref'd).

The trial court is the sole judge of the witnesses' credibility and the weight given to their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Antwine*, 268 S.W.3d at 636 (citing *Cardona,* 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981)). If the State does not meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Id.* (citing *Cardona*, 665 S.W.2d 493-94). Proof by a preponderance of the evidence of any one of the alleged violations of the community-supervision conditions is sufficient to support a revocation order. *Id.* (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.–Fort Worth 2005, pet. ref'd)). A plea of true, standing alone, supports the revocation of community supervision. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979) (holding a plea of true to one allegation is sufficient to support revocation of probation).

Martinez pleaded "True" to each of the violations alleged in the State's motion to revoke and gave additional testimony about these violations. These pleas of true, standing alone, support the revocation of community supervision. *See id.* Thus, the trial judge's decision was not so clearly wrong that it fell outside the zone within which reasonable persons might disagree. We hold, therefore, that the trial court did not abuse its discretion by revoking community supervision and imposing a six-year prison sentence. The sole issue for review is overruled.

### III. CONCLUSION

We affirm the trial court's judgment.

ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of April, 2011.